UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LINEKER KAMMER,<br>47 America Street<br>Framingham, MA 01702<br><br>individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>LEAFFILTER NORTH, LLC<br>c/o Statutory Agent Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>  and<br><br>LEAFFILTER NORTH OF MASSACHUSETTS, LLC<br>c/o Statutory Agent Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>  Defendants. | CASE. NO.<br><br>JUDGE |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. This is an action for independent contractor misclassification and related wage and hour claims brought by the plaintiff Lineker Kammer on behalf of himself and all others similarly situated. Plaintiff worked for the Defendants as an installer, installing gutter protection systems on homes throughout Massachusetts.

2. The Plaintiff brings a collective action on behalf of all individuals who performed installations in the United States for the Defendant LeafFilter North, LLC for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, based on LeafFilter North, LLC's failure to pay overtime compensation.

3. The Plaintiff also brings class claims on behalf of all individuals who performed installations in Massachusetts for the Defendants for violations of the Massachusetts Independent Contractor Statute, M.G.L. c. 149, § 148B, the Massachusetts Wage Act, M.G.L. c. 149, § 148, and the Massachusetts Overtime Law, M.G.L. c. 151, § 1A.

4. Plaintiff seeks to recover for himself, the Collective Class and the Massachusetts Class, all damages sustained as a result of the Defendants' misclassification of installers independent contractors, including treble and/or liquidated damages, interest, costs and attorneys' fees.

## **JURISDICTION AND VENUE**

5. This Court has general jurisdiction pursuant to 28 U.S.C. § 1331, because the Plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because the claims are so related as to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this Court because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

7.      Plaintiff Lineker Kammer is an adult resident of Framingham, Massachusetts. He began working for the Defendants as an installer in or about January 2019 He worked for the Defendants until approximately mid-June 2019.

8.      Defendant LeafFilter North, LLC ("LeafFilter") is a limited liability company, organized and existing under the laws of the State of Ohio, and maintains a physical presence at 3301 E Royalton Rd, Broadview Heights, OH 44147.

9.      Defendant LeafFilter North of Massachusetts, LLC ("LeafFilter Massachusetts") is a limited liability company, organized and existing under the laws of the State of Ohio, and maintains its principal place of business at 231 South Street, Hopkinton, MA 01748.

**FACTUALCOLLECTIVE AND CLASS ALLEGATIONS**

10.     According to its website, LeafFilter "is the largest gutter protection company in the nation," and that it "provide[s] the most effective debris-blocking gutter protection system on the market . . . [f]rom coast to coast."

11.     LeafFilter operates throughout the United States through LLCs like LeafFilter Massachusetts.

12.     Upon information and belief, as of the date of this filing, in addition to LeafFilter Massachusetts, LeafFilter operates throughout the United States through LeafFilter North of Alabama, LLC, LeafFilter North of Connecticut, LLC, LeafFilter North of Florida, LLC, LeafFilter North of Georgia, LLC, LeafFilter North of Illinois, LLC, LeafFilter North of Iowa, LLC, LeafFilter North of Kentucky, LLC, LeafFilter North of Maryland, LLC, LeafFilter North of Michigan, LLC, LeafFilter North of Minnesota, LLC, LeafFilter North of Missouri, LLC, LeafFilter North of New Jersey, LLC, LeafFilter North of New York, LLC, LeafFilter North of

North Carolina, LLC, LeafFilter North of Oregon, LLC, LeafFilter North of Pennsylvania, LLC, LeafFilter North of South Carolina, LLC, LeafFilter North of Tennessee, LLC, LeafFilter of Texas, LLC, LeafFilter North of Virginia, LLC, LeafFilter North of Washington, LLC, LeafFilter North of Wisconsin, LLC (collectively the "LeafFilter Entities").

13. In reality, LeafFilter and the LeafFilter Entities are a single integrated enterprise employer of their installers.

14. The operations of LeafFilter and the LeafFilter Entities are substantially interrelated.

15. LeafFilter's website expressly states, "[u]nlike other gutter guard companies, we handle every step of the process and operate on a national level from one corporate office."

16. When the Plaintiff interviewed for the installer position he was told that the "company is headquartered in Ohio and has offices throughout the U.S."

17. LeafFilter's website touts itself as "one of the Nation's largest home improvement companies and we are expanding all over North America building a leader in the remodeling industry to 53 offices."

18. Upon information and belief, LeafFilter performs sales, marketing, and advertising tasks for the LeafFilter Entities on a daily basis.

19. Upon information and belief, LeafFilter employs a Digital Advertising team, including paid search specialists who develop, manage and implement digital advertising and marketing campaigns to obtain business on behalf of, and for all LeafFilter Entities.

20. Upon information and belief, LeafFilter employs a Customer Relationship team who resolve escalating customer service issues for all LeafFilter/LeafFilter Entities' customers.

21. Upon information and belief, LeafFilter has developed a software system that is used by all LeafFilter Entities to among other things, generate customer invoices and track the services performed by the misclassified installers.

22. Upon information and belief, LeafFilter receives revenues from LeafFilter Entities' transactions.

23. Upon information and belief, LeafFilter establishes the prices that LeafFilter Entities' charges customers.

24. LeafFilter and the LeafFilter Entities have common management and LeafFilter has centralized control of the LeafFilter Entities' labor relations.

25. Upon information and belief, LeafFilter controls the payroll for all LeafFilter Entities.

26. When the Plaintiff was hired, he was instructed to complete a form so that he could be paid via direct deposit and to give it to his manager Justin (last name unknown) who would submit it to LeafFilter's corporate headquarters in Ohio.

27. Upon information and belief, all installers are required to complete and submit the same or substantially similar paperwork.

28. Upon information and belief, the email address invoices@leaffilter.com is an email address utilized and administered by LeafFilter and not any of the LeafFilter Entities.

29. Upon information and belief, the LeafFilter Entities are managed by individuals who report to employees of LeafFilter, who in turn dictate nearly every aspect of the LeafFilter Entities' business, including but not limited to uniform policies and procedures, uniform documents, and uniform prerequisites that installers are required to meet in order to work for any

5

of the LeafFilter Entities. These uniform policies, procedures, documents and prerequisites cause LeafFilter to manage nearly every aspect of the LeafFilter Entities' day-to-day business operations.

30. Upon information and belief, none of the LeafFilter Entities have their own website independent of LeafFilter. Indeed, information about the LeafFilter Entities are contained within LeafFilter's website.

31. LealFilter's website also refers to all of the LeafFilter Entities as "our locations".

32. LeafFilter and the LeafFilter Entities routinely publish job advertisements on Craigslist. These job advertisements routinely refer to LeafFilter and/or LeafFilter North as the company for whom the installer will work. They rarely, if ever, mention any of the LeafFilter Entities.

33. LeafFilter also publishes job advertisements for the LeafFilter Entities on the LeafFilter website.

34. These job advertisements are materially identical in all aspects, they make no mention of the LeafFilter Entities, and refer to LeafFilter and/or LeafFilter North as the company for whom the installer will work.

35. Upon information and belief LeafFilter and the LeafFilter Entities have common ownership.

36. Matt Kaulig ("Kaulig") in the founder, owner and CEO of LeafFilter.

37. According to Kaulig's LinkedIn profile, LeafFilter "currently operates out of 38 locations throughout the U.S. and Canada."

38. Upon information and belief, Kaulig is the owner and manager of all the LeafFilter Entities.

6

39. Upon information and belief, prior to being converted to LLCs, all the LeafFilter Entities were Corporations and Kaulig was the President of every such entity.

40. Upon information and belief, all LeafFilter Entities were converted from Corporations to LLCs on the same day; September 22, 2016.

41. The Plaintiff and Collective Class were/are employees of LeafFilter under the FLSA.

42. The Defendants exercise[d] substantial control over the Plaintiff, Collective Class, and Massachusetts Class.

43. The Defendants set[s] the Plaintiff 's, Collective Class' and Massachusetts Class' daily work schedule and assign every job that the installers perform.

44. The Plaintiff, Collective class, and Massachusetts Class are required to complete mandatory paperwork and submit it to the Defendants.

45. The Plaintiff, Collective Class, and Massachusetts Class are not permitted to negotiate the price of the Defendants' services without permission from the Defendants.

46. The Plaintiff, Collective Class, and Massachusetts Class are not permitted to collect payment for services in their own names. All customer payments are required to be made to LeafFilter.

47. The Plaintiff, Collective Class, and Massachusetts Class are not permitted to offer gutter filter installation services on their own behalf independent of the Defendants.

48. The Plaintiff, Collective class, and Massachusetts Class are required to check in throughout the day with their manager to report on the status of each installation.

49. The Plaintiff and Collective Class, and Massachusetts Class had/have no significant opportunity for profit or loss.

50. Upon information and belief, every installer is given the same compensation structure by the Defendants and are not permitted to negotiate the compensation structure with the Defendants.

51. The Plaintiff, Collective Class, and Massachusetts Class do not make a significant capital investment to work for the Defendants.

52. The Defendants provide[d] all materials needed for the installation, including but not limited to filters, screws, caulking, gutter down spouts, corner pieces and end caps, and brackets, and the Plaintiff, Collective Class, and Massachusetts Class are required to provide tools and a ladder.

53. Every installer job advertisement on LeafFilter's website states, "We provide all materials!"

54. Without the materials provided by the Defendants, the Plaintiff, Collective Class, and Massachusetts Class could not perform any of the installation work.

55. The Defendants also provide[d] the Plaintiff, Collective Class, and Massachusetts Class with a gas allowance.

56. Little to no skill is required to become an installer for the Defendants.

57. Every installer job advertisement on LeafFilter's website states, "[y]ou don't need experience with gutter protection to join our team . . . ."

58. In practice, employees of the Defendants provide training for all installers.

59. The Plaintiff, Collective Class, and Massachusetts Class work for the Defendants for an indefinite, undefined duration.

60. The Plaintiff, Collective Class, and Massachusetts Class routinely work over 40 hours per work week.

61. The Plaintiff himself regularly worked over 70 hours per week, as he typically worked 6 days per week from approximately 7:00 a.m. to 8:00 p.m.

62. The Plaintiff, Collective Class, and Massachusetts Class are also integral to the Defendants' business.

63. Without the Plaintiff, Collective Class, and Massachusetts Class, the Defendants' business could not function.

64. LeafFilter's website contains a link titled "Process" that explains the process of what every customer can expect who purchases a LeafFilter system. According to the website, installation is the third step in a four-part process.

65. LeafFilter's website states that "[o]nce LeafFilter is installed to your existing gutters, our proven and tested solution ensures nothing will enter your gutters except for water – guaranteed."

66. LeafFilter's website further states, "[f]rom marketing to sales, installation, and service, we have the best team, right along with the best product."

67. The service (i.e. installation) that the Plaintiff, Collective Class, and Massachusetts Class perform is not outside the usual course of business of the Defendants.

68. The Defendants hire "Field Installation Trainers" as employees who train, coach and develop installers on a daily a basis, both in the classroom and in the field.

69. The Defendants' Field Installation Trainers ensure jobs are installed on a daily basis and are responsible for driving proficiency among installers.

70. The Defendants' Field Installation Trainers go into the field and fix any problems that arise after an installer completes the initial installation.

71. The Defendants' Field Installation Trainers work with Installation Mangers (who are also employees of the Defendants) on individual performance, abilities and capacities of installers.

72. Defendants' decision to shift certain operating costs on the Plaintiff and Massachusetts Class, including but not limited to the Defendants' requirement that installers pay for their own workers' compensation and general liability insurance violates Massachusetts law.

73. Defendants also take unlawful deductions under Massachusetts law from the Plaintiff and Massachusetts Class' compensation, including but not limited to deduction for lost or stolen product without an independent adjudication that the installer is at fault.

## COLLECTIVE ACTION ALLEGATIONS

74. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings unpaid overtime claims due under the FLSA on behalf of all similarly situated individuals who may choose to "opt-in" to this action.

75. The claim meets the requirements for collective action certification under the FLSA.

76. All potential opt-in plaintiffs are similarly situated, as LeafFilters' policy and practice of classifying all installers as independent contractors and not paying them overtime compensation was applicable to all installers throughout the United States and resulted in a violation of the FLSA.

## CLASS ACTION ALLEGATIONS

77. Pursuant to M.G.L. c. 149, § 150, M.G.L. c. 151, § 1B, and Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of himself and all other similarly situated Massachusetts-based installers who have worked for the Defendants.

78. Joinder is impracticable due to the size and composition of the class, and the nature of the claims and relief sought, the remedial purpose of the underlying claims, and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of wage rights to aggrieved employees.

79. There are issues of law and fact common to all class members, including whether the Defendants misclassified the Plaintiff and class as independent contractors. This common question predominates over any questions affecting individual class members.

80. The Plaintiff's claims are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices and suffered similar harms.

81. Plaintiff will fairly and adequately represent the interests of the class because he does not have a conflict of interest with the class members. Plaintiff's counsel will fairly and adequately represent the class members' interests because they have substantial experience in this field.

82. A class action is superior in this case for several reasons, including but not limited to the following: this case challenges the Defendants' uniform employment classification and payment practices; many workers may be reluctant to bring claims individually for fear of retaliation; some class members may not have the resources to bring their claims individually; and it would be an inefficient use of scare judicial resources to require each individual affected by the practices challenged herein to bring his or her own individual claims.

## CAUSES OF ACTION

### COUNT I (Collective Action)
### Violation of the Fair Labor Standards Act

83. LeafFilters' knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a workweek to the Plaintiff and Collective Class based on their

11

misclassification as "independent contractors" violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

### COUNT II (Class Claim)
### Misclassification, M.G.L. c. 149,§ 148B

84. Defendants have misclassified the Plaintiff and Massachusetts Class as independent contractors in violation of M.G.L. c 149, § 148B. For this violation, Plaintiff and the Massachusetts Class are entitled to recover the wages and benefits they would have received as employees, including reimbursement for any business-related expenses they were required to bear as a result of their misclassification as independent contractors. This claim is brought pursuant to M.G.L. c. 149, § 150.

### COUNT III (Class Claim)
### Massachusetts Overtime Law, M.G.L. c. 151, § 1A

85. Defendants' failure to properly pay time-and-a-half for hours worked more than forty (40) in a workweek to the Plaintiff and Massachusetts Class based on their misclassification as "independent contractors" violates the Massachusetts Overtime Law, M.G.L. c. 151, § 1A

### COUNT IV (Class Claim)
### Massachusetts Wage Act, M.G.L. c. 149, § 148

86. Defendants' failure to properly pay the Plaintiff and Massachusetts Class all wages and benefits that they would have received had Defendants properly classified them as employees violates the Massachusetts Wage Act, M.G.L. c. 149, § 148.

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court hold the Defendants jointly and severally liable, and seek judgment against the Defendants as follows:

A. An order conditionally certifying a class of similarly situated individuals under the FLSA and directing the issuance of notice informing affected individuals of their right to opt-in to

this action. With respect to the claim under the FLSA, Plaintiff seeks certification of a collective class that includes all persons who performed installations for LeafFilter during the relevant limitations period.

B. A finding that LeafFilters' violations under the FLSA were willful and knowing, and therefore subject to a three-year statute of limitations.

C. With respect to the class claims under Massachusetts law, certification of this case as a class action, or recognition that this case is properly brought on behalf of all similarly situated employees, pursuant to Fed. R. Civ. P. 23, M.G.L. c. 149, § 150, and M.G.L. c. 151, § 20. With respect to all claims under Massachusetts law, Plaintiff seeks certification of a class that includes all persons who performed installations in Massachusetts during the relevant limitations period.

D. All damages to which Plaintiff, Massachusetts Class and Collective Class is entitled pursuant to Massachusetts or federal law.

E. Liquidated damages, pursuant to federal law.

F. Statutory trebling of damages, pursuant to Massachusetts law.

G. Attorneys' fees, costs, and interest as allowed by law.

H. Such other relief as the Court may deem proper and just.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113

13

Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com

/s/ Adam J. Shafran
(pro hac vice application to be submitted)
Adam J. Shafran, BBO#670460
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

    /s/ Lori M. Griffin
One of the Attorneys for Plaintiff