**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LINEKER KAMMER, Individually and on behalf of all others similarly situated,** ) ) ) | **CASE NO. 1:19 CV 1861** |
| **Plaintiff,** ) ) | **JUDGE DAN AARON POLSTER** |
| vs. ) ) | |
| **LEAFFILTER NORTH, LLC, et al.,** ) ) | **OPINION AND ORDER** |
| **Defendants.** ) | |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Compel Arbitration ("Motion" or "Motion to Dismiss"). **Doc #: 7**. The Court has reviewed the briefs and the record and, for the reason to follow, **GRANTS** the Motion to Dismiss without prejudice in favor of arbitration.

**I.**

On January 7, 2019, Plaintiff Lineker Kammer, on behalf of Kammer Solutions, executed a document entitled "Installer Independent Contractor Agreement" with Justin Carter on behalf of an entity named LeafFilter North, Inc. Doc #: 7-3. In addition to the Agreement's title, the text makes clear that Kammer Solutions is an independent contractor.[1] The Agreement

---

[1] For example, Article II § 2.03 provides "Contractor enters into this Agreement, and shall remain without interruption throughout the term of this Agreement, an independent contractor. Contractor agrees that Contractor is not and will not become an employee, partner, agent, or principal of Company while this Agreement is in effect. . . ." Doc #: 7-3 at 2. Article II § 2.04 states: "Nothing herein shall be deemed to imply or create a relationship of employee or employer."

also contains an arbitration provision.[2] And the arbitration provision expressly states that, by signing the Agreement, Kammer Solutions agrees "NOT TO BRING ANY CLAIM THAT YOU MAY HAVE AS A CLASS OR COLLECTIVE ACTION AND THAT ALL CLAIMS WILL BE BROUGHT AS INDIVIDUAL ACTIONS."[3] Less than 6 months later (i.e., mid-June 2019), Plaintiff stopped working for LeafFilter North. Doc #: 1 ¶ 3.

On August 15, 2019, Plaintiff filed a putative collective and class action complaint against Leaffilter North, LLC and Leaffilter North of Massachusetts, LLC (collectively, "Leaffilter North") asserting an FLSA claim and three state-law claims. Doc #: 1. Plaintiff alleges that he was an employee of LeafFilter, LLC who worked 70 hours per week during his 6-month stint, but was only paid for 40 hours of work per week. *Id*. Without mentioning the Installer Independent Contractor Agreement or its arbitration provision, Plaintiff asserts that Leaffilter North misclassified him as an independent contractor when he was in fact treated like an employee, and proceeds to explain ad nauseum why LeafFilter North was in fact his employer.[4] See, e.g., Doc #: 1 ¶¶18-34, 42-59.

On September 16, 2019, LeafFilter North, LLC filed the pending Motion to Dismiss. Doc #: 7. Attached to the Motion is the aforementioned Installer Independent Contractor Agreement which, LeafFilter North contends, requires the parties to submit their disputes to

---

[2]The provision memorializes that the parties' agreement "that any controversies or disputes arising out of the terms of this agreement or its interpretation, including those arising under the FLSA or under similar state wage and hour law, shall be resolved by binding arbitration proceedings in Summit County, Ohio in accordance with the rules of the American Arbitration Association, . . ." Article VI ¶ 6.13.

[3]*Id.*

[4]This, of course, made no sense because the Court hadn't reviewed the Agreement until Leaffilter attached the Agreement to its Motion to Dismiss.

arbitration and restricts independent contractors to bringing only ability to bringing only individual actions. LeafFilter North states that Plaintiff Lineker Kammer is not a proper plaintiff because the Agreement was made between it and Kammer Solutions, an independent contractor. Supporting this assertion, it has attached 3 documents showing that Kammer Solutions was indeed an entity at the time the Agreement was executed. Doc ##: 7-4 ( Liability Insurance Certificate), 7-5 (Workers Comp Insurance Proposal), and 7-6 (Requesting Taxpayer ID for Kammer Solutions).

On October 30, 2019, Plaintiff filed an Opposition Brief arguing that LeafFilter's reliance upon the Installer Independent Contractor Agreement "is inappropriate at the motion to dismiss phase." Doc #: 11 at 2. Actually, it was disingenuous of Plaintiff not to mention the Agreement in the complaint as it provides an explanation for the plethora of Plaintiff's complaint allegations. Plaintiff contends the Court should not compel arbitration because the Agreement is invalid. According to Plaintiff, the Agreement is invalid because LeafFilter North, Inc. had expired as an incorporated entity 2 years before it entered the Agreement. (LeafFilter North changed its name from LeafFilter North, Inc. to LeafFilter North, LLC in September 2016 – without a break in its existence.) According to Plaintiff's argument, because the Agreement is invalid, the arbitration provision is invalid.

Whether this Agreement (and, thus, its arbitration provision) is valid is a threshold issue that must be resolved before determining whether or not LeafFilter North was really an employer and Plaintiff was really its employee – a fact question requiring discovery and the employment of a multi-factored economic-reality test. There is a national policy favoring arbitration, and the question of whether a contract containing an arbitration provision is valid is a question for an

arbitrator, not the court.  *Buckeye Check Cashing, Inc. V. Cardegna*, 546 U.S. 440 (2006).

Accordingly, the Court hereby dismisses this case without prejudice in favor of arbitration.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster    December 16, 2019*
**Dan Aaron Polster**
**United States District Judge**