# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LINEKER KAMMER, Individually and on behalf of all others similarly situated,** | **CASE NO. 1:19 CV 1861** |
| Plaintiff, | **JUDGE DAN AARON POLSTER** |
| vs. | |
| **LEAFFILTER NORTH, LLC, et al.,** | **OPINION AND ORDER ON RECONSIDERATION** |
| Defendants. | |

On December 16, 2019, the Court issued an Opinion and Order granting Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Compel Arbitration, Doc #: 7, dismissing the case without prejudice in favor of arbitration, Doc #: 17.

Currently before the Court is Plaintiff's Motion for Reconsideration of the Court's December 16, 2019 Opinion and Order Granting Defendants' Motion to Dismiss Without Prejudice in Favor of Arbitration ("Plaintiff's Motion"). **Doc #: 18**. For the following reasons, the Court **GRANTS** Plaintiff's motion to reconsider its ruling in the December 16, 2019 Opinion and Order but, after reviewing the briefs, the cases and the record, the Court **DECLINES** to change the earlier ruling.

**I.**

Motions for reconsideration are " 'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.' " *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995) (quoting *In Re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D. Ind. 1994)). "As such, motions for reconsideration

are granted 'very sparingly.'" *Plaskon*, 904 F.Supp. at 669 (quoting *Bakari v. Beyer*, 870 F.Supp. 85, 88 (D. N.J. 1994)). While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, the Sixth Circuit has held such motions may be treated as a motion to alter or amend judgment under Rule 59(e). *Rodriguez v. City of Cleveland*, No. 1:08 CV 1892, 2009 WL 156956, at *1 (N.D. Ohio Jun. 3, 2009) (citation omitted). Thus, a court may grant a motion to reconsider only if there is a clear error of law, newly discovered evidence, an intervening change in the controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). It is not the function of a motion to reconsider to renew arguments already considered and rejected by the court. *McConocho v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp.1182, 1184 (N.D. Ohio 1996).

Plaintiff asserts that the Court made a clear legal error in dismissing the case without prejudice in favor of arbitration. The Court disagrees and provides clarification for leaving its previous ruling undisturbed.

## II.

On January 7, 2019, Lineker Kammer, on behalf of Kammer Solutions, executed an "Installer Independent Contractor Agreement" with Justin Carter, on behalf of LeafFilter North, Inc. Doc #: 7-3. That Agreement repeatedly states that Kammer Solutions was an independent contractor. *Id*. For example, Article II ¶ 2.03 provides that "Contractor enters into this Agreement, and shall remain without interruption throughout the term of this Agreement, an independent contractor. Contractor agrees that Contractor is not and will not become an employee, partner, agent, or principal of Company while this Agreement is in effect. . . ." Doc #: 7-3 at 2. Article II ¶ 2.03 states, "Contractor enters into this Agreement, and shall remain

without interruption throughout the term of this agreement, an independent contractor." *Id*. Article II ¶ 2.04 states, "Nothing herein shall be deemed to imply or create a relationship of employee or employer." *Id*.

Article VI ¶ 6.13 of the Agreement contains a provision requiring, among other things, that any disputes arising out of the terms of the Agreement shall be resolved by binding arbitration:

> The parties agree that any controversies or disputes arising out of the terms of this Agreement or its interpretation, including those arising under the Fair Labor Standards Act or under similar state wage and hour law, shall be resolved by binding arbitration proceedings in Summit County, Ohio in accordance with the rules of the American Arbitration Association, and the judgment upon award shall be entered in any court having jurisdiction thereof. THE ARBITRATOR IS PROHIBITED FROM CONSOLIDATING CLAIMS OF DIFFERENT INDIVIDUALS INTO ONE PROCEEDING AND MAY NOT HEAR ANY CLAIM AS A CLASS OR COLLECTIVE ACTION. ACCORDINGLY, BY SIGNING THIS AGREEMENT YOU AGREE NOT TO BRING ANY CLAIM THAT YOU MAY HAVE AS A CLASS OR COLLECTIVE ACTION AND THAT ALL CLAIMS WILL BE BROUGHT AS INDIVIDUAL ACTIONS.

Doc #: 7-3 at 6

On August 15, 2019, Kammer filed this case against LeafFilter North, LLC and LeafFilter Massachusetts, LLC ("LeafFilter LLC") alleging claims under the Fair Labor Standards Act and Massachusetts wage and hour laws. Despite the repeated characterization of Kammer Solutions as an independent contractor in the Installer Independent Contractor Agreement, Kammer contends that he was treated as an employee and not an independent contractor. This is important because if Kammer is deemed an employee, he is entitled to overtime pay for any hours he worked each week over 40. Kammer claims he worked 70 hours per week during their relationship. It is Kammer's position that this Court should adjudicate that dispute.

On September 16, 2019, LeafFilter North, LLC filed a motion to dismiss, or in the alternative, compel arbitration arguing, among other things, that the case should be dismissed in favor of arbitration because the Agreement contains an arbitration clause. The Court agreed and dismissed the case without prejudice in favor of arbitration. Kammer now asks the Court to revisit that ruling.

Kammer's argument has not changed. He argues that the entire Agreement, including the arbitration provision, is void as a matter of law because LeafFilter North, Inc., whose name appears on the first page of the Agreement, changed its corporate form from an incorporated entity to a limited liability company two years before it executed the Agreement; thus, it lacked the capacity to enter a contract in the first place.[1] Kammer's argument is based on a line of cases holding that companies that cease operations do not have the capacity to enter contracts or to sue unless the suit involves the winding down of a business. Doc #: 11 at 17-20. But LeafFilter North did not cease operations; it merely changed its corporate form without a break in existence.

Ohio Revised Code. §1701.821 addresses the legal consequences of converting a business entity in the State of Ohio. It states, among other things, that the converting entity is continued in the converted entity, and the converted entity possesses all assets and property of the converting entity, as well as the rights, privileges, immunities, powers, franchises and authority of the converting entity. See O.R.C. § 1701.821(A). The statute also states that all the

---

[1]LeafFilter North, Inc. changed its name to LeafFilter North, LLC on September 22, 2016 when it was converted from a corporation to a limited liability company under Ohio law. Doc #: 7-2 ¶ 5.

rights of creditors of the converting entity, one of which may be Kammer, are preserved unimpaired. *Id*.

In sum, Kammer may well be able to prove, despite his formal characterization as an independent contractor in the Agreement he signed, that he was in fact treated as an employee entitled to overtime pay. That, however, is a dispute arising out of the terms of the Agreement the parties previously agreed to arbitrate.

**III.**

Accordingly, following reconsideration, the Court's December 16, 2019 ruling dismissing the case without prejudice in favor of arbitration remains undisturbed.

**IT IS SO ORDERED.**

      */s/ Dan A. Polster     January 16, 2019*
**Dan Aaron Polster**
**United States District Judge**